```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
In re:                                           :
                                                 :         Chapter 11
QUIGLEY COMPANY, INC.,                           :         Case No. 04-15739 (SMB)
                                                 :
                                                 :
                  Debtors.                       :
-----------------------------------------------------X
```

**SUPPLEMENTAL MEMORANDUM DECISION
AND ORDER REGARDING PRIVILEGES**

**A P P E A R A N C E S:**

SCHULTE ROTH & ZABEL LLP
Attorneys for the Debtor
919 Third Avenue
New York, New York 10022

>   Michael L. Cook, Esq.
>   Lawrence V. Gelber, Esq.
>   Victoria A. Lepore, Esq.
>       Of Counsel

CADWALADER, WICKERSHAM & TAFT LLP
Attorneys for Pfizer Inc.
One World Financial Center
New York, New York 10281

>   Dennis J. Block, Esq.
>   Gary D. Ticoll, Esq.
>   Michele L. Angell, Esq.
>       Of Counsel

GREENBERG TRAURIG, LLP
Attorneys for Pfizer Inc.
Met Life Building
200 Park Avenue
New York, New York 10166

>   Bruce R. Zirinsky, Esq.
>   John H. Bae, Esq.
>       Of Counsel

BROWN RUDNICK BERLACK ISRAELS LLP
Attorneys for The Ad Hoc Committee of Tort Victims
120 West 45th Street
New York, New York 10036

    Jeffrey L. Jonas, Esq.
    James W. Stall, Esq.
    Gregory T. Arnold, Esq.
    Edward S. Weisfelner, Esq.
        Of Counsel

**STUART M. BERNSTEIN**
**Chief United States Bankruptcy Judge**

In its <u>Memorandum Decision and Order Regarding Privileges</u>, dated April 24, 2009 ("<u>Order</u>"), familiarity with which is assumed, the Court granted in part and denied in part the motion by the unofficial Ad Hoc Committee of Tort Victims (the "Ad Hoc Committee") to compel the production of certain documents withheld under claims of privilege by the debtor, Quigley Company, Inc. ("Quigley") and its parent, Pfizer Inc. ("Pfizer").

The <u>Order</u> left one item open. As discussed at pages 22 and 23, Quigley's September 11, 2007 Privilege Log identified four documents (78, 80, 83 and 84) that raised an unusual question. Documents Nos. 83 and 84, which were identical, consisted of two emails and two attachments. The attachments included two documents, a clean and black-lined version of a Product License and Services Agreement between Quigley and Pfizer. The bottom (earlier) email (7/12/05, at 10:33 am) was prepared by Philip J. Nichols, a law clerk employed by Cadwalader, and sent to Jason A. Cohen, Esq. and Darryl Pinsker, Esq., Cadwalader attorneys. The Nichols email commented on some of the points raised by Laura Chenoweth, Esq., an in house Pfizer lawyer, pertaining to the draft Product License and Services Agreement, and explained how those points were addressed in the attached re-draft. The top (later) email (9/16/05, at 3:47 pm) did not

contain text, but simply forwarded the earlier email and attachments to Jessica L. Fainman, Esq. of Schulte Roth. Document Nos. 78 and 80 transmitted the Nichols' email and attachments (and the Cohen forwarding email) between Quigley attorneys.

Quigley withheld the Nichols' email and the attachments under a claim of attorney work product and the joint defense privilege. Pfizer, however, did not list these documents on its own privilege logs. I questioned how Quigley could assert a claim of privilege over an internal Cadwalader email that was not sent to Quigley's attorneys until two months later, but gave Quigley ten days to supplement its submissions on this point.

By letter dated April 29, 2009, counsel for Quigley informed me that Pfizer intended to assert a privilege with respect to all four documents, and by letter date May 4, 2009, Pfizer asserted the attorney-client and work product privileges with respect to the Nichols' email and the attachments.[1]

I conclude that the Nichols email is protected by both privileges. His commentary reflects questions raised by Pfizer's in house lawyer, and those communications are protected by the attorney-client privilege. Moreover, the Nichols' email as well as the Product License and Services Agreement were prepared in contemplation of the joint strategy of using a Quigley bankruptcy to discharge their joint liabilities and channel the asbestos claims to a trust to the extent allowed by § 524(g) of the Bankruptcy Code. Hence, they qualify as work product.

Furthermore, the transmission of the email and the attachments to and among Quigley lawyers did not waive these privileges. Quigley and Pfizer shared a common interest, and the

---

[1] At a subsequent conference, I asked counsel for the Ad Hoc Committee if he intended to submit anything further, and he answered in the negative. Accordingly, I accept Pfizer's belated assertion of the privilege as timely.

disclosure of the attorney-client privileged material to Quigley did not waive that privilege. Similarly, the disclosure of work product to Quigley did not waive that privilege because the disclosure to Quigley did not create a substantial danger that it would be disclosed thereafter to an adversary. Finally, the work product is not factual, consisting of attorney analysis and legal drafting. The Ad Hoc Committee has failed to meet the heightened requirement necessary to compel the disclosure of opinion work product.

Accordingly, the motion to compel production of Documents Nos. 78, 80, 83 and 84 is denied.

So ordered.

Dated: New York, New York
June 19, 2009

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
Chief United States Bankruptcy Judge