**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
(212) 209-4800
Edward S. Weisfelner (EW-5581)

One Financial Center
Boston, MA 02111
(617) 856-8200
Jeffrey L. Jonas (JJ-5670)
James W. Stoll (JS-5931)
Gregory T. Arnold (GA-2147)

*Counsel to the Ad Hoc Committee Of Tort Victims*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
In re:                                   :    Chapter 11
                                         :
QUIGLEY COMPANY, INC.,                   :    Case No. 04-15739 (SMB)
                                         :
                    Debtor.              :
------------------------------------------------------------X

## OPPOSITION OF THE AD HOC COMMITTEE OF TORT VICTIMS TO MOTION OF PAUL A. STREET TO QUASH THIRD-PARTY SUBPOENA

The Ad Hoc Committee of Tort Victims (the "Ad Hoc Committee"),[1] by and through undersigned counsel, hereby files this opposition (the "Opposition"), pursuant to Rule 45 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable hereto by Rule 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to the *Motion of Paul A. Street to Quash Third-Party Subpoena*, filed on September 16, 2009 [Docket No. 1909] (the "Motion"). Mr. Street was properly served with a subpoena, pursuant to Federal Rule 45, on August 27, 2009 (the "Subpoena") by the Ad Hoc Committee and has not met his burden to quash such Subpoena. Thus his attendance at the hearing on the confirmation of a plan of

---

[1] The current members of the Ad Hoc Committee are Weitz & Luxenberg, PC, Cooney & Conway and the Law Offices of Peter G. Angelos, PC.

reorganization (the "Confirmation Hearing") for the above-captioned debtor ("Quigley" or the "Debtor") should be compelled. In support of this Opposition, the Ad Hoc Committee respectfully states as follows:

**PRELIMINARY STATEMENT**

1. The uncertainty of the timing of trial testimony and a bare assertion of unavailability are not enough to quash the properly issued and served subpoena upon Mr. Street. Despite Mr. Street's portrayal of himself as a disinterested third-party witness, the facts bear out that he is anything but. Mr. Street served as President and Chairman of the Board of Directors of Quigley from May 2003 through March 31, 2008. See *Fifth Amended and Restated Disclosure Statement with Respect to Quigley Company, Inc. Fourth Amended and Restated Plan of Reorganization under Chapter 11 of the Bankruptcy Code (as Modified as March 28, 2008)* (the "Disclosure Statement"), p. 21. During his tenure – forty-three (43) months of which was spent under the jurisdiction of this Court – Mr. Street was "directly and intimately involved in all aspects of Quigley's business and its reorganization efforts . . . ." See id. Mr. Street was well compensated for such efforts to the tune of approximately $4 million during the pendency of these bankruptcy proceedings alone.

2. Mr. Street's two depositions (including being designated as a Rule 30(b)(6) witness for the Debtor) and "intimate" involvement with the Debtor and these chapter 11 proceedings provided a clear indication that his attendance at the Confirmation Hearing would be required. Indeed, pursuant to the *Joint Pre-Trial Order*, entered on August 12, 2009 [Docket No. 1885] (the "Order"), Mr. Street was identified as a fact witness for both the Debtor and the Ad Hoc Committee. See Order, pp. 111-12.

3. Shortly after entry of the Order, the Debtor advised the Ad Hoc Committee that Mr. Street would be unavailable for the Confirmation Hearing, whereupon the Ad Hoc Committee subpoenaed Mr. Street to testify.

4. The Subpoena was properly issued on August 26, 2009 and properly served "in-hand" upon Mr. Street on August 27, 2009. See Subpoena (attached hereto as **Exhibit A**). The Subpoena compels Mr. Street to attend the Confirmation Hearing which begins on Wednesday, September 23, 2009 at 10:00 a.m. at Alexander Hamilton Custom House, One Bowling Green, New York, NY 10004 (the "Bankruptcy Court").

## ARGUMENT

5. The Subpoena cannot be quashed as unduly burdensome on the unsubstantiated assertion that Mr. Street is now unavailable. Federal Rule 45(c) requires a court to quash a subpoena if it "subjects a person to undue burden." Fed. R. Evid. 45(c). This requires the Court "to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it." Positive Black Talk Inc. v. Cash Money Records, Inc., 394 F.3d 357, 377 (5th Cir. 2004) (internal citation and quotation omitted). Mr. Street bears the burden to convince this Court that his attendance at the Confirmation Hearing poses an undue burden – by failing to put forth any explanation whatsoever concerning his purported unavailability, such burden is not met. Linder v. Dep't of Defense, 133 F.3d 17, 24 (D.C. Cir. 1998) ("The burden of proving that a subpoena is oppressive is on the party moving to quash.") (internal citation and quotation omitted); Leibholz v. Hariri, 2008 WL 2697336, *3 (D.N.J. June 30, 2008) (same); see Flanagan v. Wyndham Int'l Inc., 231 F.R.D. 98, 102 (D.D.C. 2005) ("The quashing of a subpoena is an extraordinary measure, and is usually inappropriate absent extraordinary circumstances."); see also In re September 11 Litig., 2009 WL 2357014, *2

(S.D.N.Y. July 30, 2009) (a party seeking a protective order pursuant to Federal Rule 26(c) bears the burden of proof).  The importance of Mr. Street's testimony heavily outweighs any possible interest of quashing the Subpoena.

6. Counsel for Mr. Street has not, either in email or telephone conversation, advised for the reason of such unavailability.  <u>See</u> Motion, Exhibits B, C, D attached thereto.[2]  Although Mr. Street, Quigley, and the Ad Hoc Committee (collectively, the "<u>Parties</u>") were in discussions concerning the timing of Mr. Street's testimony – in order to accommodate such purported unavailability – the Motion was filed anyway.  In fact, the Parties had reached a preliminary agreement to allow Mr. Street to first attend the Confirmation Hearing on October 13, 2009 and be called as a direct witness by Quigley on such date.  Thereafter, the Ad Hoc Committee would be afforded the opportunity to conduct a full examination of Mr. Street.

7. Although the Ad Hoc Committee is willing to attempt to accommodate Mr. Street, it is no way obligated to re-schedule possible Confirmation Hearing dates based on Mr. Street's schedule.  Such dates are set by the Court and furthermore it is incumbent on the Debtor to run the Confirmation Hearing and not an obligation of the Ad Hoc Committee.  Although a preliminary agreement has been reached – for the Debtor to begin the direct examination of Mr. Street on October 13, 2009 – it is in no way possible to predict that the conclusion of any needed testimony by Mr. Street will coincide with his last date of availability – the afternoon of October 14, 2009.  The Ad Hoc Committee properly issued and served the Subpoena – Mr. Street does not contend otherwise – and thus Mr. Street remains obligated to attend the Confirmation Hearing until the conclusion of his testimony.

---

[2] The Ad Hoc Committee will not respond to allegations that its counsel was not responsive when the emails attached to the Motion belie such allegations.

8. It is also curious that the former President and Chairman of the Board with "direct and "intimate" involvement in the Debtor's reorganization efforts has availability only on one and a half days of the seven days allotted to the Confirmation Hearing by the Court. Although not opining in an expert capacity, Mr. Street may very well provide the most meaningful evidence in these proceedings based on his purported involvement pre-petition and post-petition. Mr. Street was overseeing the Debtor at the time that Pfizer 'resurrected it' and at the time these Chapter 11 proceedings were commenced. Such testimony provides even more reason why his attendance and examination at the Confirmation Hearing is critical.

9. In light of the properly issued and served Subpoena and the importance of Mr. Street's testimony, the Motion should be denied. Mr. Street should be compelled to attend and be examined at the Confirmation Hearing based on the agreement of the Parties (assuming a final agreement is reached) and/or ultimately the Subpoena. The balance of interests heavily favors the preservation of the Subpoena and the attendance of Mr. Street at the Confirmation Hearing, as the burden to quash has not been met.

## RESERVATION OF RIGHTS

10. The Ad Hoc Committee respectfully reserves all its rights in relation to the Subpoena including, but not limited to, the ability to supplement this Opposition through further oral or written argument.

## CONCLUSION

**WHEREFORE**, the Ad Hoc Committee respectfully requests that the Court deny the Motion, enter an order compelling the attendance of Mr. Street at the Confirmation Hearing pursuant to the Subpoena, and grant the Ad Hoc Committee such other and further relief as is just and proper.

Dated: New York, NY
September 21, 2009

**BROWN RUDNICK LLP**

By: /s/ *Gregory T. Arnold*
    Edward S. Weisfelner, Esq. (EW-5581)
    7 Times Square
    New York, NY 10036
    (212) 209-4800

    Jeffrey L. Jonas, Esq. (JJ-5670)
    James W. Stoll, Esq. (JS-5931)
    Gregory T. Arnold, Esq. (GA-2147)
    One Financial Center
    Boston, MA 02111
    (617) 856-8200

COUNSEL TO THE AD HOC COMMITTEE OF TORT VICTIMS

# 1685086