Elihu Inselbuch (EI-2843)
Rita C. Tobin (RCT-5413)
CAPLIN & DRYSDALE, CHTD.
375 Park Avenue, 27th Floor
New York, New York 10152-3500
Telephone: (212) 319-7125
Facsimile: (212) 644-6755

Peter Van N. Lockwood
Ronald E. Reinsel
CAPLIN & DRYSDALE, CHTD.
One Thomas Circle, N.W.
Suite 1100
Washington, D.C. 20005
(202) 862-5000

Attorneys for Unsecured Creditors
Committee of Quigley Company, Inc.

Hearing Date: September 23, 2009
Hearing Time: 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                    :
QUIGLEY COMPANY, INC.,                   :        Chapter 11
Debtor.                                  :        Case No. 04-15739
                                         :        (SMB)
                                         :
                                         :
                                         :
---------------------------------------------------------------x

**STATEMENT OF POSITION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS WITH RESPECT TO THE AD HOC COMMITTEE
OF TORT VICTIMS' MOTION *IN LIMINE* TO PRECLUDE THE
INTRODUCTION OF EVIDENCE AND TRIAL TESTIMONY RELATING TO
THE MERITS OF ASBESTOS-RELATED LIABILITY PERSONAL INJURY OR
WRONGFUL DEATH CLAIMS AGAINST NON-DEBTOR PFIZER**

The Official Committee of Unsecured Creditors (the "Committee"), by and

through its undersigned counsel, Caplin & Drysdale, Chartered, hereby states its

position with respect to the Ad Hoc Committee Of Tort Victims' Motion *In Limine* To

Preclude The Introduction Of Evidence And Trial Testimony Relating To The Merits Of Asbestos-Related Liability Personal Injury Or Wrongful Death Claims Against Non-Debtor Pfizer (the "Motion in Limine") and the issues addressed therein.

At its heart, the Motion in Limine is directed to preclude an unnecessary, procedurally and jurisdictionally improper, attempt by Pfizer and/or the Debtor to obtain from this Court as a part of the hearing on confirmation of the Debtor's proposed Fourth Amended and Restated Plan of Reorganization (the "Plan") a finding and determination as to whether or not non-debtor Pfizer has derivative liability respect to claims for personal injury or wrongful death arising from exposure to the Debtor's, its wholly-owned subsidiary's, Insulag, Panelag, and/or Damit products.

The request for such determination of non-debtor liability exceeds this Court's jurisdictional authority and, moreover, is irrelevant to the Court's proper consideration of the Plan. Accordingly, the Court should decline to make any such determination.

## Argument

This case concerns Quigley and primarily the resolution of its asbestos-related personal injury liabilities by channeling its present asbestos liabilities and future demands to a trust under the provisions of Bankruptcy Code Section 524(g). Pfizer, Quigley's non-debtor parent company, by proposing to make what it asserts is a substantial contribution to fund that trust, also seeks protection in accordance with Section 524(g) from potential derivative liability for its subsidiary's asbestos-related claims and demands arising from its ownership and affiliation with Quigley.[1]

---

[1] *See* 11 U.S.C. §524(g)(4)(A)(2).

A primary issue to be determined by the Court as a part of confirmation of the Plan will be whether the Pfizer proposed contribution is in fact adequate to merit extension of the Section 524(g) injunction to it as being "fair and equitable" in light of the benefits provided or to be provided to the trust.[2]

At the eve of the confirmation, in the Joint Pre-Trial Statement (the "JPTO") Pfizer included as a question of law proposed to be determined as a part of the confirmation proceeding:

> Whether Pfizer has derivative liability for claims based on personal injury or wrongful death allegedly arising from exposure to Insulag, Panelog, and/or Damit.

*See* JPTO, p. 107, § IX ¶ R (iii).

The requested determination is procedurally improper, irrelevant and unnecessary to the consideration of confirmation of the Plan, and exceeds this Court's jurisdiction.

### A. The Requested Determination Seeks An Improper Declaratory Judgment

Through its requested determination, non-debtor Pfizer seeks to transform the confirmation hearing on Quigley's Plan into an action for declaratory judgment with respect to its potential liability for the Debtor's products. As an initial matter, the request is procedurally improper in that a request for declaratory relief must be commenced as an adversary proceeding and accord adequate notice and due process protections to all affected parties – in this case all holders of potential present and future claims related to the products in question. *See* Fed. R. Bankr. P. §7001 (7), (9).

The Contested Proceeding posture of the confirmation hearing cannot substitute for the substantive and procedural protections required to be afforded in the context of a

---

[2] See 11 U.S.C. §524(g)(4)(B)(ii).

properly constituted Adversary Proceeding, including the requirements for the filing and service of a complaint on the parties whose rights would be affected by the action. *See e.g. In re McKay*, 732 F.2d 44, 48 (3rd Cir. 1984).

As a result, non-debtor Pfizer may not seek adjudication of its potential derivative liability for Quigley products in the context of the confirmation hearing.

### B. The Requested Determination is a Non-Core Issue Beyond this Court's Jurisdiction

The scope of this Court's jurisdiction is defined by 28 U.S.C. § 157 which provides in relevant part that "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11...". 28 U.S.C. § 157 (b)(1). "Core Proceedings" include, but are not limited to, those identified in 28 U.S.C. § 157 (b)(2) which identifies, *inter alia*, "allowance or disallowance of claims against the estate...and estimation of claims or interests for the purposes of confirming a plan" but specifically excludes "liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11". 28 U.S.C. § 157 (b)(2)(B). Indeed, Section 157 expressly provides that "(t)he district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose..." 28 U.S.C. § 157 (b)(5).

Non-debtor Pfizer's request that this Court determine as a part of the hearing on confirmation of Quigley's proposed plan of reorganization Pfizer's potential liability for personal injury and wrongful death claims that might be asserted against it is, at

minimum, indisputably a non-core proceeding. Moreover, even if the liability for the personal injury or wrongful death claims at issue was that asserted against the estate, rather than against a non-debtor, it would also be non-core and could be determined, if at all, only in the district courts. The importance of this limit to jurisdiction is essential to preserve tort victims' Seventh Amendment jury trial rights.

While Pfizer styles its request for determination of liability in terms of broad declaratory relief, it is evident that any potential determination of that issue in its favor could irretrievably bind individual prospective plaintiffs so as to deprive them of their constitutional jury trial rights to adjudicate their individual claims against a non-debtor. This Court lacks the jurisdiction to impose such a result.

### C. Determination of Pfizer's Liability Is Irrelevant to Confirmation

Whether or not Pfizer ultimately could be held derivatively liable for claims arising as a result of the Quigley products has no bearing on this Court's consideration of confirmation of the Quigley plan of reorganization, including whether it is appropriate to extend the Section 524(g) injunction to Pfizer in consideration for its contribution to that plan.[3]

By complying with its requirements, Section 524(g) authorizes the Court to issue a supplemental injunction with respect to asbestos-related personal injury claims that may be asserted against a non-debtor third party *alleged* to be directly or indirectly liable for the conduct of, claims against, or demands on the debtor to the extent that the alleged liability of the third party arises by reason of, *inter alia*, the third party's

---

[3] Indeed, if the issue were to be determined in its favor, Pfizer would have no motivation to provide any funding of the Plan and confirmation of the Plan would be a futile exercise.

ownership of a financial interest or involvement in the management of in the debtor. *See* 11 U.S.C. §§524(g)(4)(A)(ii)((I) and (II).

Nothing in the statute requires any finding that the third party is in fact legally responsible for any liabilities of the debtor. Rather, if the requirements of the statute are met, the injunction extends to bar any and all liability that may or may not exist or that could or could not ultimately be asserted against the third party as a result of its relationship with the debtor.

As provided in relevant part in Section 524(g), in order to extend the injunction to a third party such as Pfizer, the Court must determine:

> that identifying such...third party...in such injunction with respect to such demands...is fair and equitable with respect to the persons that might subsequently assert such demands, in light of the benefits provided, or to be provided, to such trust on behalf of...such third party.

11 U.S.C. 524(g)(4)(B)(ii).

The statute does not require the Court to determine that any such third party liability in fact exists. Indeed, as set forth above, it would be entirely improper for the Court to do so. Rather, the statute requires only that the Court determine whether inclusion of the third party within the scope of the injunction is "fair and equitable" to the persons whose claims would be enjoined in light of the benefits provided or to be provided by the third party to the trust. Such an analysis may require the Court to consider many potentially relevant factors, including factors related to Pfizer's potential risk for such claims or its history of participation in settlements of similar claims. However, no determination or adjudication on the merits of Pfizer's actual liability for such claims is appropriate or necessary.

## Conclusion

For all the above reasons, the Committee respectfully requests that the Court decline to make any finding on the merits with respect to Pfizer's liability for claims arising from exposure to the Debtor's Insulag, Panelag, and/or Damit products.

Respectfully submitted,

CAPLIN & DRYSDALE, CHARTERED

_____
Elihu Inselbuch
Rita C. Tobin
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152-3500
(212) 319-7125

Peter Van N. Lockwood
Ronald E. Reinsel
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Suite 1100
Washington, D.C. 20005
(202) 862-5000

Counsel for the Official Committee of
Unsecured Creditors

Dated: September 21, 2009