# White and Williams LLP 

*One Penn Plaza*  
*41st Floor, Suite 4110*  
*New York, NY 10119*  
*Phone: 212.244.9500*  
*Fax: 212.244.6200*

*Karel S. Karpe*  
*Counsel*  
*Direct Dial: 212.631.4421*  
*Direct Fax: 212.631.4431*  
*karpek@whiteandwilliams.com*

October 9, 2009

**By Email and ECF**

Hon. Stuart M. Bernstein, Chief United States Bankruptcy Judge
U.S. Bankruptcy Court, Southern District of New York
One Bowling Green
New York, NY 10004

RE: **In re Quigley**

## EX PARTE REQUEST FOR JUDICIAL INTERVENTION

Dear Judge Bernstein:

    Allianz Global Risk U.S. Insurance Company (f/k/a Allianz Insurance Company) and Allianz Underwriters Insurance Company (f/k/a Allianz Underwriters Inc.) (collectively, "Allianz"), parties in interest, submitted a statement ("Allianz Statement") in support of the United States Trustee's Motion in Limine to Preclude the Sealing of Evidence and Proceedings (Allianz Statement at docket no. 1919, and the U.S. Trustee's Motion at docket no. 1913). At the first day of the hearing on confirmation, September 23, 2009, Allianz believed it had resolved its issue as to access to evidence and proceedings by it consent to and entry into the Second Amended Stipulation And Order Governing The Production Of Confidential Material By Quigley Company, Inc., Pfizer Inc., The Ad Hoc Committee Of Tort Victims, The Future Claims Representative, The Official Committee Of Unsecured Creditors And/Or The Office Of The United States Trustee. ("Confidentiality Stipulation"). In accordance with the Confidentiality Stipulation, Allianz would now have access to confidential materials and would have certain limitations placed on its use of such materials.

    As set forth in the Allianz Statement, Allianz had sought access "[i]n order to ensure the other parties' compliance with the terms of the Insurance Stipulation and, contrariwise, to ascertain the appropriateness of an objection, an application for enforcement, and/or a declaration of nullity, Allianz must necessarily have access to all documents pertinent to the confirmation process..." Paragraph 3 of Allianz Statement. Such concerns were well-founded as "very real possibilities exist that material modifications and/or amendments to the Plan might arise in the course of the confirmation process..." Paragraph 5 of Allianz Statement. "In fact, an earlier such incident demonstrates most particularly the heightened scrutiny necessary on the part of Allianz to ensure compliance with the terms of the Insurance Stipulation. In its Memorandum in Support of Confirmation of Debtor's Chapter 11 Plan of Reorganization Under 11 U.S.C. §

*Allentown, PA • Berwyn, PA • Boston, MA • Cherry Hill, NJ • Conshohocken, PA*  
*New York, NY • Paramus, NJ • Philadelphia, PA • Pittsburgh, PA • Wilmington, DE*

5696492v.1

1129(a) (D.I. # 1825), filed on June 5, 2009, Quigley Company, Inc., made a number of problematic representations about assignment of policy rights to the trust and about the insurers' positions on such assignment at pages 90-93." Paragraph 6 of Allianz Statement.

Allianz entered into the Confidentiality Stipulation and attended the trial on September 23, 24, and 25, 2009. In the hiatus between trial dates, Allianz reviewed the Joint Pretrial Order, docket no. 1885, and ascertained that there were a number of documents that it required in furtherance of its obligations to monitor. In accordance with the Confidentiality Stipulation, Allianz requested the following documents from Quigley and/or guidance as to which party had access:

Deposition of Dr. Francine F. Rabinovitz
Reports of Thomas V. Britven
Reports of Karl N. Snow
AHC 4239, Deposition Exhibit Rubin 3, Chart re: Injured Party
AHC 4246, Deposition Exhibit Berland 11 Valuation Chart
AHC 4249, QFCR010420-421, Deposition Exhibit Rabinovitz 8, Claims Chart
AHC 4250, Deposition Exhibit Rabinovitz 9, Claims Chart
AHC 4283, QFCR011266-269, Chart
AHC 4358, AHC - TE 000191-193, Chart
AHC 4131, QFCR003994-4002, Chart
AHC 4132, QFCR012649-655, Chart
AHC 4385, QFCR004086-088, Chart
AHC 4386, QFCR004081-083, Chart
AHC 4387, QFCR004095-098, Chart

In response, Quigley's counsel advised Allianz that they would not provide any documents.

As the parties have apparently reached an impasse, Allianz is seeking the Court's intervention in this matter on Tuesday, October 13, 2009 at 10 a.m., prior to the recommencement of the trial, either by the chambers conference among the parties or by the Court's consideration of the previous joinder of Allianz in the U.S. Trustee's Motion.

Respectfully submitted,

WHITE AND WILLIAMS LLP

By: Karel S. Karpe

cc: Michael L. Cook, Esq.
    John Bae, Esq.
    Scott Ratner, Esq.
    Ronald Reinsel, Esq.
    Edward Weisfelner, Esq.
    Greg M. Zipes, Esq.