# Schulte Roth & Zabel LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Writer's Direct Number
212.756.2150

Writer's E-mail Address
michael.cook@srz.com

October 12, 2009

**VIA HAND DELIVERY**

The Honorable Stuart M. Bernstein
Chief United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re: Quigley Company Inc. ("Quigley"), Case No. 04-15739 (SMB)

Dear Judge Bernstein:

We respond to the October 9, 2009 letter sent by Allianz Global Risk U.S. Insurance Company (f/k/a Allianz Underwriters Inc.) ("Allianz"), seeking the Court's intervention in Allianz's unnecessary document production request [Docket No. 1956]. Quigley opposes Allianz's request.

Allianz Waived Further Discovery in the Insurance Neutrality Stipulation.

Allianz is a party to the corrected stipulation and order concerning insurance issues, approved by the Court on July 21, 2009 [Docket No. 1873] (the "Insurance Neutrality Stipulation"). Under Section 1 of the Insurance Neutrality Stipulation, Allianz agreed not to "prosecute any outstanding discovery requests ... ; file or pursue any new discovery requests ... ; or participate in the Bankruptcy Case ... ."

Allianz Misreads the Confidentiality Stipulation.

Quigley and other parties agreed on September 23, 2009 to include Allianz as a party to their stipulation governing the production of confidential material (the "Confidentiality Stipulation"). Quigley included Allianz as a party to the stipulation so that Allianz could remain in the courtroom to monitor Quigley's confirmation hearing. But Quigley has no obligation under the Confidentiality Stipulation, or otherwise, to produce documents to Allianz. Allianz

DOC ID-10978317.2

thus exaggerates the scope of the Confidentiality Stipulation and violates the Insurance Neutrality Stipulation.

Allianz Can Monitor the Confirmation Hearing.

Allianz's document request also exceeds any alleged obligation to monitor the confirmation hearing. To date, none of the documents Allianz lists in its October 9 letter has been introduced as evidence at the pending trial. Further, Allianz fails to describe a connection between the documents it requests and any issue in this case that could affect its rights under the Insurance Neutrality Stipulation. It can only refer to past "problematic representations" by Quigley as to legal issues.

According to the Confidentiality Stipulation, each party receiving confidential information "agrees that all Confidential Information or Restricted Information will be used solely in connection with the Bankruptcy Case ... ." Because Allianz agreed not to participate in this case and because none of the documents requested has even been mentioned thus far at the on-going trial, Allianz's request is, at best, a time-consuming distraction that should be rejected.

Respectfully,

Michael L. Cook

cc: Karel S. Karpe, Esq. (all via e-mail)
John H. Bae, Esq.
Gary D. Ticoll, Esq.
Sharla J. Frost, Esq.
David B. Killalea, Esq.
Scott E. Ratner, Esq.
Richard K. Milin, Esq.
Ronald E. Reinsel, Esq.
Rita C. Tobin, Esq.
Kevin C. Maclay, Esq.
Edward Weisfelner, Esq.
Jeffrey L. Jonas, Esq.
James W. Stoll, Esq.
Gregory T. Arnold, Esq.
Greg M. Zipes, Esq.
Robert J. Ward