**BROWN RUDNICK LLP**
7 Times Square
New York, New York 10036
(212) 209-4800
Edward S. Weisfelner (EW-5581)

One Financial Center
Boston, MA 02111
(617) 856-8200
Jeffrey L. Jonas (JJ-5670)
James W. Stoll (JS-5931)
Gregory T. Arnold (GA-2147)

*Counsel to the Ad Hoc Committee Of Tort Victims*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| QUIGLEY COMPANY, INC., | : | Case No. 04-15739 (SMB) |
| | : | |
| Debtors. | : | |

-------------------------------------------------------------X

### MOTION OF THE AD HOC COMMITTEE OF TORT VICTIMS FOR JUDGMENT ON PARTIAL FINDINGS PURSUANT TO RULE 52(C) OF THE FEDERAL RULES OF CIVIL PROCEDURE

The Ad Hoc Committee of Tort Victims (the "<u>Ad Hoc Committee</u>"),[1] by and through its undersigned counsel, hereby submits this motion (the "<u>Motion</u>")[2], pursuant to Rule 52(c) of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>"), made applicable to these proceedings by Rules 7052(c) and 9014(c) of the Federal Rules of Bankruptcy Procedure, for judgment on

---

[1] The current members of the Ad Hoc Committee are Weitz & Luxenberg, PC, Cooney & Conway and the Law Offices of Peter G. Angelos, PC, who collectively represent more than 34,100 individual asbestos claimants. These three firms have been representing asbestos victims against Pfizer and Quigley for decades.

[2] All capitalized terms used but not defined herein shall have the meaning ascribed to them in Quigley Company, Inc.'s Fourth Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (as Modified as of March 28, 2008) (the "<u>Plan</u>") or the Fifth Amended and Restated Disclosure Statement With Respect to Quigley Company, Inc. Fourth Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated March 28, 2008 (the "<u>Disclosure Statement</u>"), as applicable.

1

partial findings denying confirmation of the Plan. In support hereof, the Ad Hoc Committee respectfully states as follows:

1. Federal Rule 52(c) provides in pertinent part as follows: "If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." A motion under Federal Rule 52(c) may be made either where the plaintiff has failed to make out a *prima facie* case or where the plaintiff has made out a *prima facie* case but the court determines that a preponderance of the evidence goes against the plaintiff's claim. See Wechsler v. Hunt Health Sys., Ltd., 330 F. Supp. 2d 383, 433 (S.D.N.Y. 2004). Unlike Rule 50, which governs judgment as a matter of law in jury trials, under Rule 52(c), the court does not consider the evidence in the light most favorable to the non-moving party; rather, the court's task is to weigh the evidence, resolve any conflicts in it, and decide for itself where the preponderance lies. See id.; see also In re Regency Holdings (Cayman), Inc., 216 B.R. 371, 374 (Bankr. S.D.N.Y. 1998) (Bernstein, C.J.) ("The court does not evaluate the evidence under the standards governing a directed verdict. It does not draw any special inferences in the nonmovant's favor, or consider the evidence in the light most favorable to the nonmoving party. Instead, the court acts as both judge and jury, weighing the evidence, resolving any conflicts, and deciding whether the preponderance lies.") (internal citations omitted).

2. Quigley and Pfizer, as the Plan's proponents, bear the burden of establishing that each of the elements of Section 1129(a), as well as all other provisions of the Bankruptcy Code, including, *inter alia*, Section 524(g), have been met. See In re WorldCom, Inc., 2003 WL 23861928, at *46 (Bankr. S.D.N.Y. Oct. 31, 2003). Here, Quigley and Pfizer have not met that

2

burden with respect to *at least* Section 1123(a)(4) (requiring that the Plan provide the same treatment to claimants in a given class), Section 1129(a)(3) (requiring that the Plan has been proposed in good faith), Section 524(g)(2)(B)(i)(II) (requiring that the Asbestos PI Trust be funded with the obligation of Quigley to "make future payments"), and Section 524(g)(4)(B)(ii) (requiring that the injunction provided to Pfizer be "fair and equitable" with respect to asbestos claimants in light of the benefits provided to the Asbestos PI Trust by Pfizer). Furthermore, once the Settling Plaintiffs' votes are properly designated pursuant to Section 1126(e), the Plan will also fail to satisfy Section 524(g)(2)(B)(ii)(IV)(bb) (requiring 75% of asbestos claimants to vote in favor of the Plan), Section 1126(c) (requiring two-thirds in amount of the class of asbestos claimants to accept the Plan), and Section 1129(a)(8) (requiring that the class of Asbestos PI Claims accept the Plan). As Quigley and Pfizer have been fully heard with respect to each of these issues and have failed to adduce evidence sufficient to prevail with respect to *any* – let alone all – of these issues, the Court must deny confirmation of the Plan.

3. The Ad Hoc Committee is prepared to make oral argument with respect to the Motion if and when convenient for the Court.

**WHEREFORE**, the Ad Hoc Committee respectfully requests that the Court enter judgment denying confirmation of the Plan and grant the Ad Hoc Committee such other and further relief as is just and proper.

Dated:   New York, NY
         November 12, 2009

**BROWN RUDNICK LLP**

By: /s/ Jeffrey L. Jonas, Esq.
    Edward S. Weisfelner, Esq. (EW-5581)
    7 Times Square
    New York, NY 10036
    (212) 704-0100

    Jeffrey L. Jonas, Esq. (JJ-5670)
    James W. Stoll (JS-5931)
    Gregory T. Arnold, Esq. (GA-2147)
    One Financial Center
    Boston, MA 02111
    (617) 856-8200

COUNSEL TO THE AD HOC COMMITTEE OF
TORT VICTIMS

# 1706985