TOGUT, SEGAL & SEGAL LLP
Bankruptcy Counsel for Albert Togut,
as the Legal Representative for Future
Asbestos Personal Injury Claimants of
Quigley Company, Inc.
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Scott E. Ratner
Richard K. Milin

UNITED STATES BANKRUPTCY COURT  HEARING DATE: 4/5/11
SOUTHERN DISTRICT OF NEW YORK                AT:   2:00 p.m.
-----------------------------------------------------------x
                                                           :
In re                                                      :
                                                           :   Chapter 11
    QUIGLEY COMPANY, INC.,                :
                                                           :   Case No. 04-15739 (SMB)
              Debtor.      :
                                                           :
-----------------------------------------------------------x

**STATEMENT OF ALBERT TOGUT, AS LEGAL REPRESENTATIVE FOR FUTURE ASBESTOS PERSONAL INJURY CLAIMANTS, REGARDING DEBTOR'S MOTION TO ENTER INTO A PLAN SUPPORT AGREEMENT WITH PFIZER AND THE AD HOC COMMITTEE OF TORT VICTIMS**

TO THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE:

       Albert Togut, as the legal representative for future asbestos personal injury claimants (the "Legal Representative") in the chapter 11 case commenced by Quigley Company, Inc. (the "Debtor"), as and for his statement concerning the Debtor's expedited motion (the "Motion") for an order authorizing the Debtor to enter into a Plan Support Agreement ("PSA") with Pfizer Inc. ("Pfizer") and the Ad Hoc Committee of Tort Victims (the "AHC"), respectfully shows this Honorable Court that:

**STATEMENT**

1. Since the commencement of the Debtor's chapter 11 case, the Legal Representative has consistently encouraged the various parties-in-interest, particularly Pfizer and the AHC, to settle their differences and join together in a consensual plan of reorganization. Now, after more than six years, multiple proposed plans of reorganization, two vote solicitations, and a 15-day contested confirmation hearing concerning the Debtor's Fourth Amended Chapter 11 Plan of Reorganization (the "Prior Plan") that culminated in this Court's September 8, 2010 decision denying confirmation (the "September 2010 Decision"), the Debtor's chapter 11 reorganization case at last appears to be on a course toward a successful and largely, if not yet completely, consensual conclusion.

2. As explained in the Debtor's Motion and the PSA, Pfizer and the members of the AHC have resolved their differences and thus paved the way for a new, proposed plan of reorganization for the Debtor (the "New Plan") intended to address each of the defects in the Prior Plan identified in this Court's September 2010 Decision.

3. Under the New Plan, among other things, Pfizer is committing to contribute cash to a section 524(g) trust in an amount sufficient to pay all holders of allowed current asbestos personal injury claims who have not previously settled with Pfizer, and all future interest holders (*i.e.*, the Legal Representative's constituents), approximately 23% of their allowed claim amounts on account of their derivative claims against Pfizer. This payment is in addition to the 7.5% that all current and future asbestos personal injury claimants are to receive from the section 524(g) trust solely on account of their direct claims against the Debtor. The cash contribution by Pfizer under the New Plan will be in lieu of the complex annuities and other assets Pfizer proposed to contribute under the Prior Plan, and will increase the fund available to pay non-

settling current claimants and all future interest holders by hundreds of millions of dollars.

4. To address issues about the continued financial viability of the Debtor following confirmation of the New Plan, Pfizer has said that it will contribute an income-generating business or property to the reorganized Debtor to eliminate concerns about the need for any future financial reorganization or liquidation of the Debtor. Additional features of the New Plan, which have been the subject of preliminary discussions with the Legal Representative and others but which have not yet been finalized and publicly disclosed, address other infirmities in the Prior Plan identified in this Court's September 2010 Decision in a way that is consistent with that Decision. As counsel for Pfizer said at the October 26, 2010 hearing before this Court, Pfizer studied the Decision and will follow the Court's findings:

> MR. GOFFMAN: I believe that Your Honor has set the ground rules. You've given us a roadmap and our job is now to stay within the yellow lines and try to get to confirmation of a plan consistent with your roadmap.

(*In re Quigley Company, Inc.*, Transcript of October 26, 2010 at 8.) Pfizer's counsel has been good to his word. In the negotiations to date with the Legal Representative, Pfizer has very much stayed "within the yellow lines" of what the Court has said will be required to achieve a confirmable plan.

5. Although the Legal Representative has to perform due diligence and has yet to negotiate with Pfizer the appropriate documentation to memorialize an agreement, he supports the granting of the Motion, and the entry of an order authorizing the Debtor to enter into the PSA with Pfizer and the AHC. Assuming Pfizer performs as it has promised it will, the Legal Representative is prepared to support confirmation of the New Plan envisioned by the PSA.

3

## **CONCLUSION**

6. For the foregoing reasons, the Legal Representative urges the Court to grant the Motion and approve the PSA entered into among the Debtor, Pfizer and the AHC.

DATED: New York, New York
          March 31, 2011

ALBERT TOGUT, as the Legal Representative
for Future Asbestos Personal Injury Claimants
of Quigley Company, Inc.,
By his Bankruptcy Counsel,
TOGUT, SEGAL & SEGAL LLP,
By:

/s/ Scott E. Ratner
SCOTT E. RATNER
RICHARD K. MILIN
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000