Michael L. Cook
Lawrence V. Gelber
SCHULTE ROTH & ZABEL LLP
Attorneys for the Debtor and Debtor in Possession
919 Third Avenue
New York, New York 10022
Telephone: (212) 756-2000
Facsimile: (212) 593-5955

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re                                       :  Chapter 11
                                            :
QUIGLEY COMPANY, INC.,                      :  Case No. 04-15739 (SMB)
                                            :
                                            :
                         Debtor.            :
                                            :
---------------------------------------------------------------x

**MOTION OF QUIGLEY COMPANY, INC. FOR ORDER UNDER
11 U.S.C. §§ 363, 364, AND 105(a) AUTHORIZING FURTHER EXTENSION OF TERM OF
POSTPETITION FINANCING AND USE OF CASH COLLATERAL**

Quigley Company, Inc., debtor and debtor-in-possession ("Quigley"), submits this motion (the "Motion") for entry of an order under 11 U.S.C. §§ 363, 364, and 105(a) (i) further extending for an additional six months, until February 24, 2012, the Lender's (as defined below) commitment to extend postpetition financing to Quigley; and (ii) permitting Quigley's use of Cash Collateral[1] up to the aggregate amount of $65 million, pursuant to the Amended Credit Agreement approved by the Final Order: (I) Authorizing Postpetition Financing; (II) Granting Security Interests and Superpriority Administrative Expense Status; (III) Authorizing Quigley to Enter Into Financing Agreements; (IV) Further Authorizing the Use of Cash Collateral; (V) Granting Replacement Liens and Rights to Adequate Protection; and (VI) Modifying the Automatic Stay, dated September 27,

---
[1] Unless otherwise defined in this Motion, capitalized terms used herein shall have the meanings ascribed to them in the Final Order or in the Amended Credit Agreement (as such terms are defined below), as applicable.

2004 and entered by the Court on October 8, 2004 (the "Final Order") and various extensions thereof, the most recent through August 19, 2011, and represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for relief are sections 363, 364, and 105(a) of the Bankruptcy Code (the "Code").

## BACKGROUND

2. Quigley commenced this case under chapter 11 of the Code on September 3, 2004 (the "Petition Date"). Quigley continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Code.

3. The United States Trustee (the "UST") appointed a creditors' committee (the "Committee") in this case on September 21, 2004. No trustee or examiner has been appointed.

4. The Court entered an order on September 27, 2004, appointing Albert Togut to serve in this case as the representative of holders of future asbestos personal injury demands against Quigley (the "Representative").

5. Quigley commenced this chapter 11 case to conserve its remaining assets and to afford it the opportunity to formulate a chapter 11 reorganization plan that would satisfy the requirements of Code § 524(g) and treat all present and future claimants fairly and equitably.

6. Quigley filed its fifth amended and restated plan (the "Plan") and related disclosure statement on April 6, 2011.

## POSTPETITION FINANCING

7. Quigley filed a motion on the Petition Date (the "DIP Financing Motion") seeking authorization under Code § 363 and Bankruptcy Rule 6004 to use on a final basis up to a maximum

2

amount of $20 million of cash proceeds of collateral securing the Prepetition Credit Agreement (as defined below), which Quigley received from time to time, and/or cash balances on deposit from time to time in the Secured Account, pursuant to the terms and conditions of Amendment No. 3 to Credit and Security Agreement between Quigley, as borrower, and Pfizer, as lender, substantially in the form attached to the Final Order as Exhibit A (as the same has been or may be amended, waived, supplemented or otherwise modified from time to time, to the extent permitted by paragraph 6 of the Final Order, the "Amended Credit Agreement"). By the DIP Financing Motion, Quigley also sought authorization under Code §§ 364(c)(1), (c)(2) and (d) and Bankruptcy Rules 4001 and 6004 to obtain postpetition financing from Pfizer (the "Lender") in the form of a revolving credit facility up to a maximum principal amount of $20 million (the "DIP Facility"), pursuant to the terms and conditions of the Amended Credit Agreement. The Amended Credit Agreement amended the terms of the Credit and Security Agreement, dated as of March 6, 2003 (as amended on May 29, 2003, and October 29, 2003), between Quigley, as borrower, and Pfizer, as lender (the "Prepetition Credit Agreement").

8. Following the final hearing on September 27, 2004, the Court granted the DIP Financing Motion and entered the Final Order approving, among other things, Quigley's use of Cash Collateral and the DIP Facility in the amount of up to $20 million.

9. Pursuant to paragraph 6 of the Final Order, the parties entered into an Amendment No. 4 to Credit and Security Agreement, dated February 18, 2005 ("Amendment No. 4"), to clarify the investments in which Quigley (or the Lender) may invest amounts on deposit in the Secured Account.

10. The parties have entered into various additional amendments to the Prepetition Credit Agreement since the Petition Date, and the Court has entered corresponding orders,

ultimately extending the term of the DIP Facility through August 19, 2011 and authorizing Quigley to use up to $60 million of the Lender's Cash Collateral.

11. With the consent of the Lender, Quigley now seeks to modify the DIP Facility to: (i) permit Quigley to use up to $65 million in the aggregate of the Lender's Cash Collateral, and (ii) further extend the term of the DIP Facility to allow Quigley to have continued access to financing while it continues to work with the Committee, Pfizer, the Representative and other interested parties toward confirmation and consummation of a reorganization plan.

## RELIEF REQUESTED

12. By this Motion, Quigley seeks the entry of an order under Code §§ 363, 364, and 105(a) authorizing it to enter into Amendment No. 17 to Credit and Security Agreement ("Amendment No. 17") to (i) extend the term of the DIP Facility from its current expiration date of August 19, 2011 through and including February 24, 2012 (the "Extension Period"), and (ii) permit Quigley to use up to $65 million in the aggregate of the Lender's Cash Collateral.[2]

## BASIS FOR RELIEF REQUESTED

13. The Final Order provides, in pertinent part:

> 6. Amendment. Subject to the terms and conditions of the Financing Agreements, the Lender and Quigley may amend, modify, supplement or waive any provision of the Financing Agreements if such amendment, modification, supplement or waiver is not material (in the good faith judgment of Quigley) without any need to apply to, or receive further approval from, the Court. Quigley shall provide prior written notice of any material amendment, modification, supplement or waiver to the Committee, the U.S. Trustee and all parties that file requests for notices under Bankruptcy Rule 2002 who are affected by this Final Order, and shall file a notice of such amendment, modification, supplement or waiver with the Court. Any material amendment, modification, supplement or waiver shall be subject to approval by the Court after notice and a hearing, provided that if no objection is timely and properly filed with respect thereto, the Court may grant the requested relief without a hearing.

---

[2] A copy of the proposed order is attached as Exhibit A. A copy of Amendment No. 17 is attached as Exhibit B.

14. Quigley believes that -- like the earlier amendments -- Amendment No. 17, which provides for the proposed extension of the DIP Facility and the increased amount of Quigley's permitted use of Cash Collateral, is not a "material amendment" to the DIP Facility. Nevertheless, Quigley seeks the Court's approval to extend the DIP Facility and Quigley's use of Cash Collateral for the Extension Period.

15. The Court previously approved Quigley's use of Cash Collateral and the DIP Facility under Code §§ 105(a), 361, 362, 363, and 364 and Bankruptcy Rules 4001(b)(2), (c)(2), and 6004. Final Order, at ¶ 2. Amendment No. 17 extends the term of the DIP Facility for six months and does not alter any other term of the DIP Facility approved by the Court. The Court has approved twelve requests for similar amendments to the DIP Facility. Moreover, Pfizer has consented to Quigley's use of up to $65 million of its Cash Collateral, and Court approval is not required. Code § 363(c)(2)(A).

16. Attached to this Motion as Exhibit C is Quigley's proposed operating budget (which indicates a semi-annual and monthly breakdown of operating expenses) for the Extension Period (the "Budget"). The projected total expenditures in the Budget are higher than the total expenditures projected in the budget included in Quigley's motion, dated January 31, 2011, seeking approval of Amendment No. 16 to the Credit and Security Agreement [Docket No 2217] because of anticipated costs associated with processing Pfizer's claims under the March 20, 2011 settlement agreement among Pfizer and the members of the Ad Hoc Committee.

## **NOTICE**

17. No trustee or examiner has been appointed in this case. Notice of this Motion has been given to (i) the UST; (ii) counsel for Pfizer; (iii) counsel for the Committee; (iv) counsel for the Representative; and (v) all parties having filed a notice of appearance and request for pleadings in this case. In light of the nature of the relief requested, Quigley submits that no other or further notice need be given.

**WHEREFORE**, Quigley respectfully requests entry of an order (i) authorizing it to enter into Amendment No. 17 to (x) extend the term of the DIP Facility through and including February 24, 2012 and (y) permit Quigley to use up to the aggregate amount of $65 million of the Lender's Cash Collateral, and (ii) granting it such other and further relief as may be just and proper.

Dated: New York, New York
July 29, 2011

                                                                        QUIGLEY COMPANY, INC.
                                                                        Debtor and Debtor in Possession

                                                                        By: /s/ Kim D. Jenkins
                                                                        Ms. Kim D. Jenkins
                                                                        President


SCHULTE ROTH & ZABEL LLP
Attorneys for the Debtor
and Debtor in Possession

By: /s/ Lawrence V. Gelber
Michael L. Cook
Lawrence V. Gelber
(Members of the Firm)
919 Third Avenue
New York, New York 10022
Telephone: (212) 756-2000
Facsimile: (212) 593-5955
E-mail:michael.cook@srz.com
E-mail: lawrence.gelber@srz.com

**Exhibit A**

**Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                                                :
In re                                                           :     Chapter 11
                                                                :
QUIGLEY COMPANY, INC.,                                          :     Case No. 04-15739 (SMB)
                                                                :
                                                                :
                                Debtor.                         :
                                                                :
----------------------------------------------------------------x

## ORDER UNDER 11 U.S.C. §§ 363, 364, AND 105(a) AUTHORIZING FURTHER EXTENSION OF TERM OF POSTPETITION FINANCING

This matter having come before the Court on the motion, dated July 29, 2011 (the "Motion"), of Quigley Company, Inc., debtor and debtor in possession ("Quigley"), for an order approving an Amendment No. 17 to Credit and Security Agreement ("Amendment No. 17"), between Quigley and Pfizer Inc., a copy of which is attached to the Motion as Exhibit B, and extending the term of the Amended Credit Agreement[1] through and including February 24, 2012; and the Court previously having entered (a) on October 8, 2004, pursuant to 11 U.S.C. §§ 105(a), 361, 362, 363, and 364 and Fed. R. Bankr. Proc. 4001 and 6004, that certain Final Order: (I) Authorizing Postpetition Financing; (II) Granting Security Interests and Superpriority Administrative Expense Status; (III) Authorizing Quigley Company, Inc. to Enter Into Financing Agreements; (IV) Further Authorizing the Use of Cash Collateral; (V) Granting Replacement Liens and Rights to Adequate Protection; and (VI) Modifying the Automatic Stay, dated September 27, 2004 (the "Final Order"), and (b) various orders extending the term of the Amended Credit

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Motion.

Agreement through and including August 19, 2011; and due and adequate notice of the Motion having been given; and no timely objections having been filed, it is hereby

**ORDERED THAT:**

1. <u>Approval of Amendment No. 17</u>. The terms and conditions of Amendment No. 17 are hereby approved, incorporated by reference into the Final Order, and made fully enforceable in accordance with their terms, such that the DIP Facility and Quigley's authorization to use Cash Collateral are extended through and including February 24, 2012.

2. <u>Authorization</u>. Quigley is hereby authorized to enter into, execute, deliver, perform, comply with and be bound by all of the terms, conditions and covenants of Amendment No. 17, and all other agreements, documents and instruments to be executed and/or delivered in connection with or related to the Amended Credit Agreement, as amended through and including Amendment No. 17, and the other Financing Agreements (as such term is defined in the Final Order).

3. The DIP Facility, as amended, shall be governed by the Final Order, as supplemented by the terms and provisions of this Order.

Dated: New York, New York
August __, 2011

_____
UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**Amendment No. 17**

# AMENDMENT NO. 17 TO
# CREDIT AND SECURITY AGREEMENT

AMENDMENT NO. 17 TO CREDIT AND SECURITY AGREEMENT dated as of July 28, 2011 (the "**Amendment No. 17**") between QUIGLEY COMPANY, INC., a New York corporation and a debtor and a debtor in possession in the Case (as hereinafter defined) (the "**Borrower**"), and PFIZER INC., a Delaware corporation (the "**Lender**").  Capitalized terms used herein and not otherwise defined shall have the meanings specified therefor in the Credit Agreement (as hereinafter defined), as the same is amended and otherwise modified hereby.

WHEREAS, on September 3, 2004, the Borrower filed a voluntary petition under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.,* as amended, styled as Case No. 04-15739 (SMB) (the "**Case**"), and the Borrower is operating its business as a debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code;

WHEREAS, the Lender made secured loans and advances on a revolving basis to the Borrower, which were secured by the collateral granted in favor of the Lender pursuant to the Credit and Security Agreement, dated as of March 6, 2003, by and between the Lender and the Borrower, as the same was amended by Amendment No. 1 to Credit and Security Agreement, dated May 29, 2003, Letter Amendment No. 2 to Credit and Security Agreement, dated October 29, 2003, Amendment No. 3 to Credit and Security Agreement, dated October 8, 2004 (as subsequently amended, "**Amendment No. 3**"), Amendment No. 4 to Credit and Security Agreement, dated as of February 18, 2005, Amendment No. 5 to Credit and Security Agreement, dated as of July 15, 2005, Amendment No. 6 to Credit and Security Agreement, dated as of January 31, 2006, Amendment No. 7 to Credit and Security Agreement, dated as of August 9, 2006, Amendment No. 8 to Credit and Security Agreement, dated as of January 18, 2007, Amendment No. 9 to Credit and Security Agreement, dated as of August 10, 2007, Amendment No. 10 to Credit and Security Agreement, dated as of February 14, 2008, Amendment No. 11 to Credit and Security Agreement, dated as of June 20, 2008, Amendment No. 12 to Credit and Security Agreement, dated as of February 17, 2009, Amendment No. 13, dated as of July 20, 2009, Amendment No. 14, dated as of January 21, 2010, Amendment No. 15, dated as of July 27, 2010, and Amendment No. 16, dated as of January 28, 2011 (collectively, the "**Credit Agreement**");

WHEREAS, the Borrower has requested certain modifications to Sections 1(b), 2(a), and 2(b) of Amendment No. 3 in order to (i) increase the aggregate amount of the Lender's Cash Collateral the Borrower is permitted to use, and (ii) extend the term of the credit facility, which currently is scheduled to terminate on August 19, 2011;

NOW, THEREFORE, the parties hereto agree as follows:

Section 1.

(a) <u>Use of Cash Collateral</u>.  The first sentence of Section 1(b) of Amendment No. 3 is hereby amended by deleting "Total Financing Amount" where it appears and replacing it with "$65,000,000."

(b) <u>The Advances</u>.  The first paragraph of Section 2(a) of Amendment No. 3 is hereby amended and restated in its entirety as follows:

> The Lender agrees, subject to the terms and conditions set forth herein, to make advances (each a "**Revolver Advance**") to the Borrower from time to time until the date that is the earlier of (i) February 24, 2012 and (ii) the date of termination in whole of all of the Lender's commitments hereunder pursuant to either Section 2(d) or Section 6 (such earlier date, the "**Termination Date**") in an aggregate outstanding amount, on any date of determination, not to exceed the Total Financing Amount.

(c) <u>Repayment of Revolver Advances and Prepetition Loans</u>. The second sentence of Section 2(b) of Amendment No. 3 is hereby amended and restated in its entirety as follows: "Additionally, the scheduled maturity date of the Prepetition Obligations specified in Section 1(a)(i) of the Prepetition Credit Agreement is hereby amended by replacing such date with 'February 24, 2012'."

Section 2. <u>Counterparts, Effectiveness</u>. This Amendment No. 17 may be executed in counterparts (and by different parties hereto on different counterparts), each of which shall constitute an original, but all of which when taken together shall constitute a single contract. Delivery of an executed counterpart of a signature page hereof by telecopy shall be as effective as delivery of a manually executed counterpart hereof.

Section 3. <u>Continued Effectiveness of Credit Agreement</u>. Except as otherwise expressly amended by this Amendment No. 17, the Credit Agreement and the other documents and instruments executed by the Borrower in connection therewith (collectively, the "**Loan Documents**") are, and shall continue to be, in full force and effect and are hereby ratified and confirmed in all respects. This Amendment No. 17 shall constitute and be a part of the Loan Documents for all purposes of this Agreement, the Credit Agreement and the other Loan Documents and any construction or interpretation thereof.

Section 4. <u>Governing Law</u>. This Amendment No. 17 shall be governed by and construed in accordance with the laws of the State of New York.

IN WITNESS WHEREOF, the parties hereto have caused this Amendment No. 17 to be duly executed by their respective authorized officers as of the day and year first above written.

QUIGLEY COMPANY, INC.

By: _____
    Name: Kim D. Jenkins
    Title: President

PFIZER INC.

By: _____
    Name:
    Title:

(c) <u>Repayment of Revolver Advances and Prepetition Loans</u>. The second sentence of Section 2(b) of Amendment No. 3 is hereby amended and restated in its entirety as follows: "Additionally, the scheduled maturity date of the Prepetition Obligations specified in Section 1(a)(i) of the Prepetition Credit Agreement is hereby amended by replacing such date with 'February 24, 2012'."

Section 2. <u>Counterparts, Effectiveness</u>. This Amendment No. 17 may be executed in counterparts (and by different parties hereto on different counterparts), each of which shall constitute an original, but all of which when taken together shall constitute a single contract. Delivery of an executed counterpart of a signature page hereof by telecopy shall be as effective as delivery of a manually executed counterpart hereof.

Section 3. <u>Continued Effectiveness of Credit Agreement</u>. Except as otherwise expressly amended by this Amendment No. 17, the Credit Agreement and the other documents and instruments executed by the Borrower in connection therewith (collectively, the "**Loan Documents**") are, and shall continue to be, in full force and effect and are hereby ratified and confirmed in all respects. This Amendment No. 17 shall constitute and be a part of the Loan Documents for all purposes of this Agreement, the Credit Agreement and the other Loan Documents and any construction or interpretation thereof.

Section 4. <u>Governing Law</u>. This Amendment No. 17 shall be governed by and construed in accordance with the laws of the State of New York.

IN WITNESS WHEREOF, the parties hereto have caused this Amendment No. 17 to be duly executed by their respective authorized officers as of the day and year first above written.

QUIGLEY COMPANY, INC.

By: _____
    Name:
    Title:

PFIZER INC.

By: _____
    Name:
    Title:

**Exhibit C**

**Budget**

| Quigley Company, Inc<br>Budget for 6 Months | Monthly Budget<br>6 Months<br>Sep 11 - Feb 12 | 7/11/2011<br>Total Budget<br>6 Months<br>Sep 11 - Feb 12 |
|---|---:|---:|
| **Salaries** | | |
| Salaries - Staff | 81,000 | 486,000 |
| Employee Benefits | 25,000 | 150,000 |
| Subtotal - Salaries | 106,000 | 636,000 |
| | | |
| **Legal Expenses** | | |
| Debtor's Counsel | 400,000 | 2,400,000 |
| Debtor's Accountant | 31,000 | 186,000 |
| Creditors' Committee & Advisors | 100,000 | 600,000 |
| Futures Representative & Advisors | 100,000 | 600,000 |
| Ordinary Course Professionals | 1,500 | 9,000 |
| BMC | 175,000 | 1,050,000 |
| UST Fees | 3,000 | 18,000 |
| Subtotal - Legal Expenses | 810,500 | 4,863,000 |
| | | |
| **Operating Expenses** | | |
| Temporary Contract Labor | 65,000 | 390,000 |
| DP Programming & Consulting | 16,000 | 96,000 |
| Software Purchase, Maintenance and Rental | 2,000 | 12,000 |
| Maintenance & Repair/Computer Maintenance | 1,500 | 9,000 |
| Travel, Entertainment and Group Meetings | 1,500 | 9,000 |
| Long Distance Toll Calls | 1,500 | 9,000 |
| Freight, Permits, Subscriptions and Misc. | 500 | 3,000 |
| Mail - Federal Express | 1,000 | 6,000 |
| Office Supplies | 4,000 | 24,000 |
| Facilities | 5,000 | 30,000 |
| Occupancy | 48,000 | 288,000 |
| Electricity | 3,000 | 18,000 |
| Maintenance of HVAC | 2,000 | 12,000 |
| Training | 1,000 | 6,000 |
| Subtotal - Operating Expenses | 152,000 | 912,000 |
| | | |
| **Total Expenditures** | 1,068,500 | 6,411,000 |